NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Crim. No. 19-00949 (RBK) |
| v. | : | **OPINION** |
| KHALIF DAVIS, | : | |
| Defendant. | : | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon Defendant's Motion for Reduction of Sentence Under First Step Act (Doc. 40). For the reasons stated herein, the motion is **DENIED**.

I.   **BACKGROUND**

Defendant is Khalif Davis, an individual currently incarcerated at FDC Philadelphia. In June of 2019, Davis was charged with conspiracy to distribute and possession with intent to distribute more than one kilogram of heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). (Doc. 42, "Opp." at 2.) Davis pled guilty to possession with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). (Opp. at 2.) On July 2, 2020, this Court sentenced Davis to 30 months imprisonment.

Defendant filed the present motion seeking compassionate release due to the COVID-19 pandemic. (Mot. at 8.) According to Defendant, he "suffers from [o]besity and [a]sthma, which renders him critically vulnerable to COVID-19." (Mot. at 8.) Davis contends that "he has already

1

served more than 50% of his 30 [m]onth sentence and . . . is also eligible for [h]ome [d]etention on May 15, 2021." (Mot. at 8.)

## II.  LEGAL STANDARD

### A.  Motion for Reduction of Sentence Under First Step Act

Under the recently enacted First Step Act, a court may afford a defendant "compassionate release for 'extraordinary and compelling reasons.'" *United States v. Sellers*, Crim. No. 10-434, 2020 WL 1972862, at *1 (D.N.J. Apr. 24, 2020) (quoting 18 U.S.C. § 3582(C)(1)(A)(i)). Before bringing a motion for reduced sentence on their own behalf, defendants first must "ask the Bureau of Prisons (BOP) to do so on their behalf, give BOP thirty days to respond, and exhaust any available administrative appeals." *United States v. Raia*, 954 F.3d 594, 595 (3d Cir. 2020) (citing § 3582(c)(1)(A)). "Thus, under the First Step Act, a defendant seeking a reduction in his term of imprisonment bears the burden of satisfying both that he has (1) exhausted remedies before seeking judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release." *Sellers,* 2020 WL 1972862 at *1 (citing 18 U.S.C. § 3582(C)(1)(A)).

At this second step, a court may reduce an inmate's sentence pursuant to 18 U.S.C. § 3852(c)(1)(A) "if the court finds that (1) extraordinary and compelling reasons warrant a reduction, (2) the reduction would be consistent with applicable policy statements issued by the Sentencing Commission, and (3) the applicable sentencing factors under § 3553(a) warrant a reduction." *United States v. Pabon*, Crim. No. 17-165-1, 458 F. Supp. 296, 299 (E.D. Pa. 2020).

## III.  DISCUSSION

### A.  Motion for Reduction of Sentence Under First Step Act

The parties agree that Davis has satisfied the exhaustion requirement and is thus permitted to bring a motion for reduced sentence in this Court. Thus, the Court focuses on the second step

of the analysis: (1) whether Davis has demonstrated that extraordinary and compelling reasons exist that warrant release and (2) whether the Section 3553(a) factors weigh in Davis's favor.

### 1. Whether Extraordinary and Compelling Reasons Exist

Davis asserts that the COVID-19 pandemic along with his health constitute extraordinary and compelling circumstances warranting a reduction in his sentence. (Mot. at 1, 8.) While the Court does not seek to undermine the seriousness of this pandemic, the Court finds these general arguments unpersuasive. As the Third Circuit has noted, the "mere existence of COVID-19 in society and the possibility that it may spread" in a particular prison "alone cannot independently justify compassionate release." *Raia*, 954 F.3d at 595. Moreover, the Court also considers the data collected regarding COVID-19 at FDC Philadelphia, where Davis is currently incarcerated. The facility holds a total of 814 inmates.[1] However, there are currently no active inmate cases at the facility,[2] and there have been no deaths caused by COVID-19 at FDC Philadelphia.[3] Standing alone, the relatively low existence of COVID-19 at FDC Philadelphia is insufficient to show "extraordinary and compelling reasons" for release. *See United States v. Stevens*, Crim. No. 454 F. Supp. 3d 472, 479 (E.D. Pa. 2020) ("Although the Court is aware of the dangers posed by COVID-19 and is sympathetic to [Defendant's] concern about COVID-19 given his diabetes, speculation about possible future conditions at the FDC does not constitute an exceptional reason for release.") (collecting cases); *United States v. Haney*, Crim. No. 19-541, 2020 WL 1821988 at *5 (S.D.N.Y. Apr. 13, 2020) (denying a 61-year-old defendant's request for early release, stating that although the prison has several confirmed cases of COVID-19, "there is no meaningful

---

[1] *FDC Philadelphia*, Federal Bureau of Prisons, https://www.bop.gov/locations/institutions/mem/ (last visited Mar. 30, 2021).
[2] *COVID-19 Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Mar. 30, 2021).
[3] *Id.*

counter-evidence suggesting that the COVID-19 virus is rapidly spreading in the [prison]"); *United States v. Sellers*, Crim. No. 10-434, 2020 WL 1972862 at *2 (D.N.J. Apr. 24, 2020) (finding "the measures instituted by the BOP to be reasonable to address the virus outbreak" at a federal prison in New York even though several inmates had tested positive). In contrast, Davis has stated his intentions to reside with his girlfriend in Mays Landing, New Jersey if his motion is granted. (Mot. at 8–9.) Mays Landing is located in Atlantic County, which currently has 98 confirmed cases of COVID-19.[4] Accordingly, due to the higher rate of COVID-19 in Atlantic County, there is no indication that Davis would be safer or otherwise more protected from the general risk of COVID-19 if released.

Moreover, the mere presence of COVID-19 at a prison, does not entitle every offender with a medical condition to compassionate release. *See, e.g.*, *United States v. Roeder*, 807 Fed. App'x 157, 161 n.16 (3d Cir. 2020). Rather, Davis must establish that the risks to him, in light of his individual medical conditions and circumstances, are so extraordinary and compelling that the Court should release him. Davis contends that he suffers from obesity and asthma, making him particularly vulnerable to COVID-19. (Mot. at 8.) The Court looks to guidance from the CDC to determine whether Davis's individual medical conditions and circumstances are extraordinary and compelling. According to this guidance, certain categories of individuals face a higher risk from COVID-19.[5] These include "older adults"—defined as "65 years and older"—and "people of any age who have serious underlying medical conditions." *Id.* The serious medical conditions referenced include cancer, chronic kidney disease, chronic lung disease, dementia, diabetes, Down

---

[4] *COVID-19 Dashboard*, https://www.nj.gov/health/cd/topics/covid2019_dashboard.shtml (last accessed Apr. 1, 2021).
[5] *People at Increased Risk for Severe Illness*, Center for Disease Control, (Mar. 15, 2021) https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/index.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fpeople-at-increased-risk.html.

Syndrome, heart conditions, HIV, weakened immune system, liver disease, pregnancy, obesity, sickle cell disease, smoking, solid organ or blood stem cell transplant, stroke, and substance use disorders.[6]

The Court recognizes that Davis's medical records indicate that he has a history of asthma. However, those records also note that he does not require the use of an inhaler. Additionally, the mere fact that Davis is at a higher risk of contracting COVID-19 does not alone warrant compassionate release. *See, e.g.*, *United States v. Belle*, Crim. No. 18-117, 2020 WL 2129412 (D. Conn. May 5, 2020) (notwithstanding asthma, compassionate release denied due to history of violence and firearms offenses); *United States v. Condon*, Crim. No. 12-91, 2020 WL 2115807, at *4-6 (D.N.D. May 4, 2020) (denying motion where defendant has served about half of 180-month drug sentence; is 61 and suffers from asthma, COPD, cardiovascular disease, hepatitis C, hypertension, and hidradenitis suppurativa, but there are no cases at the facility and no showing she would be safer in the community). Additionally, the Bureau of Prisons has already administered over 101,674 doses of the COVID-19 vaccine[7] and has begun administering vaccines to individuals at FDC Philadelphia. As vaccine access expands to inmates at FDC Philadelphia, the risk that Davis will contract a serious case of COVID-19 continues to decrease. Based on the availability of the vaccine and each of the aforementioned reasons, the Court cannot find that extraordinary and compelling reasons exist to support compassionate release.

---

[6] *People with Certain Medical Conditions*, Center for Disease Control, (Mar. 29, 2021) https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html
[7] *Covid-19 Vaccine Implementation*, https://www.bop.gov/coronavirus/index.jsp (last accessed Mar. 31, 2021).

### 2. Section 3553(a) Factors

Moreover, an analysis of the Section 3553(a) factors further supports the denial of Davis's request for sentence reduction. In considering whether to reduce a defendant's sentence, a court must look to the factors contained in 18 U.S.C. § 3553(a). These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> > (B) to afford adequate deterrence to criminal conduct;
> > (C) to protect the public from further crimes of the defendant; and
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner

18 U.S.C. § 3553.

Davis offers little argument as to how the factors weigh in his favor. Davis contends that the Court should grant compassionate release because he "is serving a relatively short sentence for a non-violent offense[.]" (Mot. at 8.) In response, the Government argues that the factors weigh against release because Davis's "purposeful conduct contribute[d] mightily to the opioid epidemic and infect[ed] the very community in which he lives." (Opp. at 9.) Moreover, the Government additionally cites to Davis's extensive criminal record, noting that "[s]uch steady contact with the criminal justice system indicates that [Davis] has been unable to live a law-abiding life." (Opp. at 9.)

The Court agrees that the Section 3553 factors weigh against granting compassionate release. Prior to his sentencing for this matter, Davis had been convicted of several additional crimes, including possession of a weapon, robbery, and possession of controlled substances. (Opp. at 9.) As such, the nature and circumstances of Davis's prior offenses weigh against granting compassionate release. Moreover, the Court is mindful of the need for the sentence imposed to

protect the public from future violence and afford adequate deterrence. *See United States v. Butler*, Crim. No. 19-834-10, 2020 WL 1689778, at *3 (S.D.N.Y. Apr. 7, 2020) (denying a motion for early release of a MDC inmate with asthma and a serious heart condition, after finding that, "[w]hile the prospect of contracting COVID-19 undeniably presents a serious risk to [the defendant's] health, his [early] release . . . at least equally exposes the community to a serious risk that he would resume violence."). The Court believes that the present sentence is needed to provide just punishment and specific deterrence for Davis. Accordingly, the Court finds that the Section 3553(a) factors weigh against compassionate release.

In sum, because there are no extraordinary and compelling reasons warranting Davis's release and the Section 3553(a) factors weigh against release, the Motion for Reduction of Sentence is **DENIED.**

### IV.   CONCLUSION

For the reasons contained herein, Defendant's Motion for Reduction of Sentence Under First Step Act is **DENIED**. An accompanying Order shall issue.

Dated: 4/12/2021                                                                     /s/ Robert B. Kugler
                                                                                                                    ROBERT B. KUGLER
                                                                                                                     United States District Judge